IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

JACK HRYNKO,

        Plaintiff,

v.                                                  Civil Action No. 3:22-CV-91
                                                           (GROH)

COMPLEX WARDEN, and
FCC HAZELTON,

        Defendants.

**REPORT AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTIONS FOR PRELIMINARY
INJUNCTION OR TEMPORARY RESTRAINING ORDER**

**I.      INTRODUCTION**

On May 18, 2022, the *pro se* Plaintiff, a federal inmate who is incarcerated at Hazelton USP in Bruceton Mills, West Virginia, filed a complaint pursuant to the Federal Tort Claims Act (FTCA). ECF No. 1. On that same date, Plaintiff filed a motion pursuant to Federal Rule of Civil Procedure 65, which asserts that Plaintiff has been denied medical treatment. ECF No. 2. He seeks injunctive relief to ensure that he does not suffer an infection that would jeopardize his leg. Id. As relief, Plaintiff requests that the Court order that: (1) Plaintiff be released from FCI Hazelton; (2) Plaintiff be sent to a hospital for treatment; and (3) Plaintiff be sent to a Bureau of Prisons Rehabilitation Medical Center. Id.

On May 24, 2022, Assistant United States Attorney Christopher J. Prezioso filed a notice of special appearance [ECF No. 5] and a motion [ECF No. 6] to seal Exhibit 1 [ECF No. 6-1] consisting of Plaintiff's medical records from May 23, 2022. That motion was

granted on June 3, 2022, and the sealed document was filed by the Clerk.  ECF Nos. 12, 13.

On June 2, 2021, Plaintiff filed a second motion under Fed.R.Civ.P. 65 seeking injunctive relief.  ECF No. 11.  That motion sought the same relief sought in his May 18, 2022, motion [ECF No. 2] for injunctive relief.

## II.   LEGAL STANDARD

### A.   Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers."  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in <u>Neitzke</u> recognized that:

> Section 1915(d)[1] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an

---

[1] The version of 28 U.S.C. § 1915(d) which was effective when <u>Neitzke</u> was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

>indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### B. Requests for Injunctive Relief

The Fourth Circuit reviews "a district court's decision to grant a preliminary injunction under an abuse-of-discretion standard." International Refugee Assistance Project v. Trump, 883 F.3d 233, 255 – 56 (4th Cir. 2018), as amended (Feb. 28, 2018). The standard for granting injunctive relief was articulated by the United States Supreme Court which held in Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) that:

>A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

As restated by the Fourth Circuit, when a plaintiff seeks the extraordinary remedy of a preliminary injunction:

>The plaintiff "need not establish a certainty of success, but must make a clear showing that he is likely to succeed at trial." A plaintiff seeking a preliminary injunction must establish that (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in her favor, and (4) an injunction is in the public interest.

Int'l Refugee, 883 F.3d at 256 (citing WV Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave, 553 F.3d 292, 298 (4th Cir. 2009) (citing Winter, 555 U.S. at 7)).  This standard becomes even more exacting when a plaintiff seeks a preliminary injunction that mandates action, as contrasted with the typical form of a preliminary injunction that merely preserves the status quo.  See East Tennessee Natural Gas Co. v. Sage, 361 Fed 3d

3

808, 828 (4th Cir. 2004) (quoting Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)) (noting that "mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demands such relief").

### C. Federal Tort Claims Act Case

The Supreme Court summarized both the procedural history of the Federal Tort Claims Act (FTCA), and the elements of a successful FTCA claim in Brownback v. King, 141 S. Ct. 740, 746, 209 L. Ed. 2d 33 (2021):

> In 1946, Congress passed the FTCA, which waived the sovereign immunity of the United States for certain torts committed by federal employees acting within the scope of their employment. The Act in effect ended the private bill system by transferring most tort claims to the federal courts. Plaintiffs were (and are) required to bring claims under the FTCA in federal district court. Federal courts have jurisdiction over these claims if they are actionable under § 1346(b). A claim is actionable if it alleges the six elements of § 1346(b), which are that the claim be:
>
> [1] against the United States, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

(Internal quotations and citations omitted).

### III.     ANALYSIS

Pursuant to Plaintiff's pleadings, he has been denied access to medical care and believe he is in danger of losing his leg. ECF Nos. 2, 11. Plaintiff filed an affidavit that asserts there was a "flood of water" in the Special Housing Unit at FCI Hazelton in January

2022, when the sewer drains backed up.  ECF Nos. 2-1 at 1, 11-1 at 1.  Plaintiff asserts that because of his exposure to the water, he developed a staph infection with MRSA.  ECF No. 2-1 at 1.  Plaintiff claimed that he was denied medical attention for weeks, and finally was taken to an outside hospital in Morgantown, West Virginia where he was placed on an intravenous antibiotic, Vancomycin, for eight days and "needed an operation" surgically remove infected tissue.  ECF Nos. 2-1 at 2, 11-1 at 2.  Following his operation, Plaintiff alleges that he received no rehabilitation and that his leg continues to swell and is painful.  Id.

Although Plaintiff alleges that he has been denied medical care, he does not meet the four-part Winter test for issuance of a preliminary injunction.  First, Plaintiff has not shown he is likely to succeed on the merits in regard to his FTCA claim.  In fact, he fails to provide any evidence to support this prong of the Winter test.  Although Plaintiff asserts that he has been denied access to medical care in both his complaint[2] and his motions for injunctive relief, his assertion does not address the merits of his FTCA claim.  Rather, Plaintiff's complaint asserts that he sought additional medical care other than what was offered, and that he continues to seek additional medical care through release or transfer to another institution.  ECF No. 1-1 at 2.

Second, Plaintiff has not demonstrated that he is likely to suffer irreparable harm in the absence of preliminary relief.  Plaintiff's motions for injunctive relief both assert that he believes he may suffer irreparable injury through the loss of his leg, or death by infection. ECF Nos. 2 at 6, 11 at 2.  Despite contending that he had been denied access to medical care, the medical record filed under seal, shows that on May 23, 2022, Plaintiff

---

[2] Plaintiff has not yet filed his complaint on the Court-approved complaint form.  ECF Nos. 1, 3.

received medical care related to arthropathy, bursitis of the knee and tachycardia. ECF No. 13. The record, documenting a medical encounter four months after Plaintiff allegedly developed an infection, is devoid of any reference to that infection, but instead refers to several other medical conditions. ECF No. 13. Further, the medical record does not document that Plaintiff complained of any residual effects from the alleged infection. Id. Plaintiff's assertion in his second request for injunctive relief that he has been denied access to medical care does not square with the fact that at the time he signed his motion, on May 27, 2022, Plaintiff had received medical care just four days earlier on May 23, 2022. ECF Nos. 11 at 5, 11-1 at 2, 13. As to Plaintiff's first request for injunctive relief, that motion was dated May 2, 2022, but not filed until May 18, 2022. ECF No. 2. Within five days of the filing of that motion, Plaintiff was treated on May 23, 2022. Further, Plaintiff claims that he is at risk of losing his leg to infection, but the medical records provided refer to a chronic injury, bursitis, which causes joint pain[3]. Plaintiff's other medical conditions listed in the medical record are unrelated to his legs. ECF No. 13.

It appears plain from his complaint and motions for injunctive relief that Plaintiff is dissatisfied with the medical treatment he was provided. However, as noted by the Fourth Circuit in King v. United States, 536 Fed. Appx. 358 (4th Cir. 2013), and Jackson v. Sampson, 536 Fed. Appx. 356 (4th Cir. 2013), Plaintiff does not have a constitutional right to the treatment of his choice. Plaintiff's "disagreement as to the proper medical treatment does not constitute deliberate indifference". King, 536 Fed. Appx. at 363.

Accordingly, it appears to the Court that other than his broad claims, that Plaintiff has failed to submit any evidence which demonstrates a need for a temporary restraining

---

[3] https://www.mayoclinic.org/diseases-conditions/knee-bursitis/symptoms-causes/syc-20355501.

order or preliminary injunction, and has failed to demonstrate that he is likely to suffer irreparable harm in the absence of injunctive relief. Thus, Plaintiff has failed to demonstrate that he meets the second prong of the <u>Winter</u> test.

Because Plaintiff is unable to meet either of the first two prongs of the Winter test, the Court need not consider the third or fourth prongs. Further, because Plaintiff is unable to meet all four parts of the <u>Winter</u> test for issuance of an injunction, his motions for an injunction filed on May 18, 2022 [ECF No. 2] and June 2, 2022 [ECF No. 11], are not merited. Moreover, to the extent that Plaintiff's motion seeks to mandate action by the Defendants, Plaintiff has failed to demonstrate that he is entitled to extraordinary relief because he has failed to demonstrate that the exigencies of the situation demand such relief.

## V.     RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the requests for injunction relief filed on May 18, 2022 [ECF No. 2] and June 2, 2022 [ECF No. 11] be **DENIED.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: June 6, 2022

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE